IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARGENE LEVERETTE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
|    v. ) | 2:04cv808-MHT |
| ) | (WO) |
| STATE OF ALABAMA REVENUE ) | |
| DEPARTMENT and RICHARD ) | |
| HENNIGER, in his official ) | |
| capacity, ) | |
| ) | |
|    Defendants. ) | |

OPINION AND ORDER

Plaintiff Margene Leverette has brought this lawsuit

against her former employer (defendant State of Alabama

Department of Revenue) and its Division Chief (defendant

Richard Henniger, in his official capacity only),

asserting the following three claims: (1) two counts of

disability discrimination, one charging a violation of

Title I of the Americans with Disabilities Act of 1990

(ADA), 42 U.S.C. §§ 12111-12117, and the other charging

a violation of Title II of the ADA, 42 U.S.C. §§ 12131-

12165; and (2) one count of retaliation, in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, for filing an administrative complaint of race discrimination with the department.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal-question) and 1343 (civil rights), and 42 U.S.C. §§ 12117 (ADA) and 2000e-5(f)(3) (Title VII).

This lawsuit is before the court on the Revenue Department and Henniger's motion to dismiss.  For the reasons that follow, the motion will be granted as to the ADA claims in full, granted as to the Title VII claim to the extent it is against Henniger, and denied as to the Title VII claim to the extent it is against the Revenue Department.

## I.   MOTION-TO-DISMISS STANDARD

On a defendant's motion to dismiss where nothing outside the complaint is considered, the court accepts the plaintiff's allegations as true, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), and construes the

2

complaint in the plaintiff's favor.   <u>Duke v. Cleland</u>, 5
F.3d 1399, 1402 (11th Cir. 1993).


## II. FACTUAL BACKGROUND

On January 30, 2000, Leverette, an employee at the
Alabama Department of Revenue, was involved in a car
accident that left her with serious injury to her neck
and shoulders.   During the three years following the
accident, Leverette requested that the department provide
her with a document holder and a telephone ear and
mouthpiece.   When the department finally provided her
with the desired items, the mouthpiece was defective.

On February 1, 2001, after being denied a promotion
for over three years, Leverette filed an administrative
complaint with the Revenue Department for racial
discrimination.   Subsequently, she was more severely
disciplined and received lower employee-performance
appraisals.

Because of the lack of accommodation and retaliation she felt she had experienced at the Alabama Department of Revenue, Leverette took an early retirement.

Leverette then filed this lawsuit, asserting one claim of disability discrimination under Title I of the ADA, one claim of disability discrimination under Title II of the ADA, and one claim of retaliation.  In support of her retaliation claim, Leverette cites 29 U.S.C. 2615(a)(2), which pertains to the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654.  The court construes this claim as a Title VII-retaliation claim because the factual allegations clearly implicate Title VII rather than the Family and Medical Leave Act.

## III. DISCUSSION

### A. ADA

Leverette seeks both money damages and injunctive relief under Titles I and II of the ADA.

### 1.  ADA's Title I: Money Damages

Title I of the ADA prohibits certain employers, including state employers such as the Alabama Department of Revenue, from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a); see also § 12111(2), (5), (7).  To this end, the statute requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business."  § 12112(b)(5)(A).

Despite Title I's inclusion of state employers within its grasp, the Revenue Department and Henniger argue that Title I claims for money damages are barred by the

5

Eleventh Amendment, which protects nonconsenting States from suits for damages by private citizens in federal court.    College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669-670 (1999).    Congress can abrogate the States' sovereign immunity when it unequivocally expresses its intent to do so and acts pursuant to a valid grant of constitutional authority.  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000).    Here, Congress unequivocally expressed its intent to abrogate sovereign immunity in § 12202 of the ADA, which provides that "[a] State shall not be immune under the [E]leventh [A]mendment to the Constitution of the United States from an action in Federal ... court ... for a violation ... of this chapter."  Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 363-364 (2001).    "[T]he Eleventh Amendment, and the principle of state sovereignty which it embodies, ... are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment," Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976) (citation omitted), which grants

Congress the power to enact statutes to enforce the
substantive constitutional guarantees articulated in § 1
of that Amendment.   <u>Garrett</u>, 531 U.S. at 365.   In
addition to authorizing Congress to create a private
cause of action against the States for actual violations
of the Fourteenth Amendment, "Congress' power 'to
enforce' the Amendment includes the authority both to
remedy and to deter violation of rights guaranteed
thereunder by prohibiting a somewhat broader swath of
conduct, including that which is not itself forbidden by
the Amendment's text." <u>Kimel</u>, 528 U.S. at 81.

Although Congress has significant latitude under § 5
to devise legislation to enforce the Fourteenth
Amendment, Congress may not enact legislation that causes
a "substantive change in the governing law." <u>City of
Boerne v. Flores</u>, 521 U.S. 507, 519 (1997).   To ensure
that Congress is enforcing instead of rewriting the
Fourteenth Amendment, statutes enacted to prohibit
conduct that is not itself unconstitutional under that
amendment must exhibit a "congruence and proportionality

between the injury to be prevented or remedied and the means adopted to that end."  Id. at 520.

The Supreme Court found that Title I exceeded Congress's § 5 authority to proscribe constitutional conduct to remedy and deter Fourteenth Amendment violations for two reasons:  Title I's broad sweep was not sufficiently targeted to remedy or prevent unconstitutional discrimination in public employment; and Congress failed to identify a pattern of irrational state-employment discrimination against the disabled. Garrett, 531 U.S. at 372-74.  The combination of these two factors illustrated that Title I was a Congressional attempt to rewrite rather than enforce the Fourteenth Amendment with respect to the rights of disabled employees in relation to their state employers.  Id.

Because, with Title I, Congress did not validity abrogate the States' Eleventh Amendment immunity from suit and because the sovereign immunity provided to the State of Alabama extends to its state agencies, such as the Alabama Department of Revenue, Florida Dept. of

8

Health & Rehabilitative Servs. v. Florida Nursing Home
Ass'n., 450 U.S. 147 (1981), and to its state officials
acting in their official capacity, Kentucky v. Graham,
473 U.S. 159 (1985), sovereign immunity prevents
Leverette from prevailing on her Title I claim against
the Revenue Department and Henniger for money damages.


### 2. ADA's Title I: Equitable Relief

In Garrett, the Supreme Court was explicit that its
holding barring individual suits for money damages under
Title I in no way prevents individuals from seeking
injunctive relief pursuant to the well-entrenched
exception to sovereign immunity rooted in Ex parte Young,
209 U.S. 123 (1908).  Garrett, 531 U.S. at 374 n.9.  The
Ex parte Young exception allows suits against state
officers seeking prospective equitable relief to end
continuing legal violations; it does not extend to claims
for retrospective relief.  Edelman v. Jordan, 415 U.S.
651, 664-666, 668 (1974).  "[T]he difference between the
type of relief barred by the Eleventh Amendment and that

9

permitted under <u>Ex Parte Young</u> will not in many instances
be that between day and night." <u>Id</u>. at 667.

Leverette contends that the Revenue Department and
Henniger discriminated against her in that her
unaccommodated disability forced her to take an early
retirement, which in turn decreased her future retirement
benefits.  She seeks injunctive relief requiring the
department and Henniger to grant her the benefits she
would have been entitled to had she not retired early.
Although styled as prospective relief, this type of
injunctive relief is barred by the Eleventh Amendment
because it aims to vindicate a retrospective interest in
compensation rather than a prospective interest in ending
a continued legal violation.  <u>Florida Ass'n of Rehab.</u>
<u>Facilities, Inc. v. State of Florida</u>, 225 F.3d 1208,
1119-1120 (11th Cir. 2000).  Leverette's alleged
discriminatory experiences and forced resignation are
past transgressions.  Even assuming her harm is ongoing,
in the sense that she continues to receive less
retirement benefits, this harm does not render the relief

she seeks for these alleged prior bad acts any less retrospective.  <u>Id</u>. at 1221.  Instead, when relief labeled as prospective is "'measured in terms of a monetary loss resulting from a past breach of a legal duty,' it is the functional equivalent of money damages and <u>Ex parte Young</u> does not apply."  <u>Id</u>. at 1120 (quoting <u>Edelman</u>, 415 U.S. at 668).

Leverette's request for a declaratory judgment--that is, a declaration that, among other things, the Revenue Department and Henniger violated the ADA--is barred as well.  She "may not use the doctrine to adjudicate the legality of past conduct."  <u>Summit Med. Assocs., P.C. v. Pryor</u>, 180 F.3d 1326, 1337 (11th Cir. 1999).

The Eleventh Amendment bars any equitable relief for Leverette under Title I.

### 3. ADA's Title II: Money Damages

Title II of the ADA details that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Because the Eleventh Circuit Court of Appeals has construed Title II to encompass employment discrimination by public entities, <u>Bledsoe v. Palm Beach County Soil and Water Conservation Dist.</u>, 133 F.3d 816, 820 (11th Cir. 1998), Leverette asserts that her employment discrimination claim is cognizable under Title II.

In <u>Garrett</u>, the Supreme Court explicitly left open the question of whether, with Title II, Congress validity abrogated the Eleventh Amendment, 541 U.S. at 360 n.1; it chose not to address whether individuals "may sue their state employers for damages under Title II of the ADA." <u>Id</u>. The Supreme Court has since found that Title II validly abrogates state sovereign immunity when it proscribes conduct that actually violates the Fourteenth Amendment, <u>United States v. Georgia</u>, 126 S. Ct. 877, 882 (2006); however, it left to the lower courts to determine, on a case-by-case basis, the much thornier

question of whether conduct that violates Title II but does not violate the Fourteenth Amendment is nevertheless valid under Congress's § 5 enforcement power.  Id. at 882.  In addition, the Court has found that Congress's § 5 enforcement power as applied to cases involving the fundamental right of access to the courts validity abrogated the Eleventh Amendment.  Tennessee v. Lane, 541 U.S. 509 (2004).

Congress's § 5 enforcement power to require state employers to accommodate disabled employees under Title II appears to be an issue of first impression in the Eleventh Circuit.  This court concludes that, because, with Title I, Congress did not validly abrogate sovereign immunity with regard to state-employment discrimination against the disabled, Congress did not do so with Title II either.  The Garrett Court pointed to the dearth of any legislative history of a pattern of disability employment discrimination by the States that would have authorized Congressional preventive or remedial action. Because the Supreme Court has determined that, as to

13

Title I, the historical record of state disability-employment discrimination is insufficient to trigger Congress's § 5 enforcement power and because Leverette provides no reason why this insufficiency should be any different as to Title II, the court finds that, with Title II, Congress did not validly abrogate sovereign immunity with regard to state-employment discrimination against the disabled.  Put another way, it would be illogical to find that history of state discrimination against the disabled in employment is insufficient to permit Congress to enact Title I, but that that same history is somehow sufficient to allow Congress to fashion Title II.  Consequently, the Revenue Department and Henniger retain their Eleventh Amendment immunity from money damages under Title II for claims of disability discrimination in employment.  In making this holding, the court does not reach, and should not be understood in any way as reaching, Title II's ability to abrogate the Eleventh Amendment with respect to any issue outside state-employment discrimination.

14

4.   ADA's Title II: Equitable Relief

Leverette's Title II claim for equitable relief is barred for the same reason that her Title I claim for equitable relief is barred.


B. Title VII

It is well settled that there is no sovereign immunity for Title VII claims, including Title VII retaliation claims.  Fitzpatrick v. Bitzer, 427 U.S. 445 (1976); Downing v. Bd. of Trs. of the Univ. of Alabama, 321 F.3d 1017 (11th Cir. 2003).  Accordingly, Leverette's Title VII retaliation claim survives, except in one respect: because Leverette may obtain full Title VII relief from the Revenue Department, Henniger's presence is unnecessary.  Hinson v. Clinch County, Georgia Board of Education, 231 F.3d 821, 827 (11th Cir. 2000) ("The district court correctly ruled that the individual defendants were not proper defendants to [the] Title VII claims.  'The relief granted under Title VII is against

15

the employer, not individual employees whose actions
would constitute a violation of the Act."') (quoting
<u>Busby v. City of Orlando</u>, 931 F.2d 764, 772 (11th
Cir.1991)).  Henniger will therefore be dismissed from
Leverette's Title VII claim, leaving only the Revenue
Department as a defendant on this claim.

                            ***

    It is, accordingly, ORDERED that defendants State of
Alabama Department of Revenue and Richard Henniger's
motion to dismiss (doc. no. 5) is granted to the
following extent:

    (1) Plaintiff Margene Leverette's claims under Titles
I and II of the Americans with Disabilities Act of 1990,
42 U.S.C. §§ 12111-12117, and 12131-12165, are dismissed.

    (2) Plaintiff Leverette's claim under Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C.
§§ 1981a, 2000e through 2000e-17, is dismissed as to
defendant Richard Henniger.

    (3) Defendant Richard Henniger is dismissed from this
lawsuit.

                           16

(4) This case will proceed only as to plaintiff Leverette's claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, against defendant Alabama Department of Revenue.

DONE, this the 25th day of September, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE