IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARGENE LEVERETTE,           ) | |
| ) | |
|    Plaintiff,                    ) | |
| ) | CIVIL ACTION NO. |
|    v.                              ) | 2:04cv808-MHT |
| ) | (WO) |
| STATE OF ALABAMA REVENUE    ) | |
| DEPARTMENT,                 ) | |
| ) | |
|    Defendant.                   ) | |

OPINION

Plaintiff Margene Leverette brings this lawsuit against her former employer, defendant State of Alabama Department of Revenue, charging that the department violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, by retaliating against her for filing an equal-employment-opportunity ("EEO") complaint of race discrimination. Jurisdiction is proper pursuant 42 U.S.C. §§ 2000e-5(f)(3).

This lawsuit originally included two additional counts of disability discrimination, one charging a violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117, and the other charging a violation of Title II of the ADA, 42 U.S.C. §§ 12131-12165.  However, the ADA claims were dismissed after this court held that the ADA relief Leverette sought was barred by the Eleventh Amendment. Leverette v. Ala. Revenue Dep't, 453 F. Supp. 2d 1340, 1342 (M.D. Ala. 2006) (Thompson, J.).

This lawsuit is now before the court on the Revenue Department's motion for summary judgment on Leverette's remaining retaliation claim.  For the reasons that follow, the motion will be granted.


I.  SUMMARY-JUDGEMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and

... the moving party is entitled to a judgment as a matter of law." In making its determination, the court must view all evidence and any reasonable factual inferences in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Thus, at the summary-judgment stage, the court makes all reasonable evidentiary inferences in favor of Leverette.

## II.  FACTS

In 1974, Leverette began working as a temporary employee for the Revenue Department. In 1976, she gained permanent-employee status and remained with the department until she retired on December 31, 2003. During her tenure, she served as Clerk Typist I, Clerk Typist II, Administrative Support Assistant ("ASA") II, and ASA III.

On January 3, 2001, after reviewing Leverette's performance to determine, at the request of the Revenue

Department, her eligibility for a promotion from ASA II to ASA III, the Alabama State Personnel Department concluded that Leverette did not qualify for a promotion. A month later, on February 1, Leverette filed a complaint for racial discrimination with her EEO coordinator. After processing the complaint, the EEO coordinator concluded that the Personnel Department, not the Revenue Department, had the sole authority to determine whether Leverette qualified for a promotion; the EEO officer, who was also assigned to the case, made the same determination. Pursuant to the EEO office's strict policy, neither the EEO coordinator nor the EEO officer notified anyone outside of the EEO office that Leverette had filed a complaint.

After Leverette filed her EEO complaint, her supervisor, Anne Glenn, began to discipline her more severely and give her lower employee-performance appraisals. Her evaluations were reduced from an average score of 38 to an average score of 32. Glenn also

disciplined Leverette for violating departmental policy by not filling out leave slips when she was late to work. Leverette was eventually promoted to ASA III, effective July 17, 2001, when the Personnel Department found another way to promote her.

On August 19, 2003, Leverette requested a transfer into another division of the Revenue Department, and, on October 3, 2003, the request was granted. However, because Leverette viewed the transfer as tantamount to a demotion and because she felt that she was being forced out, she retired from the Revenue Department early, without benefits, effective January 1, 2004.

This lawsuit then followed.

### III.  DISCUSSION

Leverette alleges that the Department of Revenue retaliated against her for her EEO complaint. Under Title VII's anti-retaliation provision, an employee is protected from discrimination if she "has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To demonstrate a prima-facie case of retaliation, Leverette must show that: (1) she was engaged in statutorily protected activity under Title VII; (2) she suffered an adverse-employment action; and (3) there is a causal connection between the protected conduct and the adverse-employment action. Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002); Parris v. Miami Herald Publ'g Co., 216 F.3d 1298, 1301 (11th Cir. 2000).

As to the first element, it is undisputed that filing an EEO complaint is a statutorily protected activity under Title VII. As to the second element, Leverette contends that she suffered increased-disciplinary actions and lower employee-performance appraisals in retaliation for filing her EEO complaint. The Eleventh Circuit Court of Appeals has stated that, "Negative performance evaluations, standing alone, do not constitute adverse

employment action sufficient to satisfy the second element of a prima facie case of retaliation," <u>Lucas v. W.W. Grainger, Inc.</u>, 257 F.3d 1249, 1261 (11th Cir. 2001), and that "the reprimand of an employee does not constitute an adverse employment action when the employee suffers no tangible harm as a result," <u>Summerlin v. M & H Valve Co.</u>, 167 Fed. Appx. 93, 97 (11th Cir. 2006) (citing <u>Pennington v. City of Huntsville</u>, 261 F.3d 1262, 1267 (11th Cir. 2001)).  However, more recently, the United States Supreme Court has held that, in order to demonstrate that a plaintiff has suffered an adverse-employment action in satisfaction of the second element, a plaintiff must show that the action "would have dissuaded a reasonable worker from making or supporting a charge of discrimination." <u>Burlington Northern & Santa Fe Ry. v. White</u>, ___ U. S. ___, ___, 126 S. Ct. 2405, 2415 (2006).  The Court then explained that,

> "We phrase the standard in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances.

7

> Context matters.  The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed. ... A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school age children. ... A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight.  But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination. ... Hence, a legal standard that speaks in general terms rather than specific prohibited acts is preferable, for an act that would be immaterial in some situations is material in others."

Id. at ___,  126 S. Ct. at 2415-16 (citations and quotation marks omitted). Whether the Eleventh Circuit's somewhat categorical statements in Lucas and Summerlin survive Burlington Northern's holding and explanation is a question this court need not answer, for Leverette's retaliation claim fails with the third element because

she cannot show a causal connection between the filing of her EEO complaint and any adverse-employment action.

To show a relationship between the adverse action and the protected conduct, Leverette must demonstrate that the person she alleges retaliated against her--in this case Glenn--was aware of her EEO complaint when she took the adverse-employment action. See Brungart v. BellSouth Telecomms. Inc., 231 F.3d 791, 799 (11th Cir. 2000) ("[T]he plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action. ... A decision maker cannot have been motivated to retaliate by something unknown to him").

Although Leverette admits that she did not personally tell Glenn of her EEO complaint, she argues that Glenn knew about it because it was a common practice for the EEO office to inform all managers and direct supervisors when a complaint is filed.  However, Leverette has not presented any evidence to support this argument; indeed,

the evidence reflects that the Revenue Department had a strict policy that was contrary to Leverette's assertions. In an affidavit, the EEO coordinator stated that "it is a strict policy of [the EEO] office that complaints, grievances and information received in investigation are considered highly confidential and are not divulged or otherwise disclosed except on a 'need to know' basis. That policy was followed with regard to Ms. Leverette's complaint." Rowe Aff. p. 3. The EEO coordinator also explained that, because he and the EEO officer concluded that only the Personnel Department could make the decision to promote Leverette, there was nothing the Revenue Department could do for her and thus it was not necessary to report her complaint to anyone else. Leverette's EEO officer also testified that she did not tell anyone outside of the EEO office about Leverette's complaint.

  Leverette also believes that Glenn had to have known of her filing because Leverette complained to another

manager who should have told Glenn in order to address her concerns. However, the email exchange Leverette presents as evidence between this other manager and Glenn does not in any way support Leverette's contention; furthermore, Leverette's belief alone does not equate to admissible evidence and, in particular, not to evidence sufficient to undermine the credibility of Glenn's testimony that she had no knowledge of Leverette's EEO complaint until after she filed this lawsuit.

In light of testimony from the EEO coordinator and EEO officer stating that they did not tell anyone outside the EEO office about Leverette's EEO complaint; in light of Glenn's testimony that she had no knowledge of Leverette's EEO complaint until after this lawsuit was filed; and in light of Leverette's failure to provide anything other than unsubstantiated arguments that Glenn knew of her EEO complaint before this lawsuit was filed, Leverette cannot make out a prima-facie case for retaliation.

11

* * *

For the foregoing reasons, the State of Alabama Department of Revenue's motion for summary judgment will be granted. An appropriate judgment will be entered to that effect.

DONE, this the 16th day of July, 2007.

                           /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE